IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dora Toole Roundtree, Plaintiff, vs. Mary Webb; Pamela Glover; and Jennifer Holston. Defendants. | C/A No. 1:09-3147-MBS-PJG **REPORT AND RECOMMENDATION** |

The plaintiff, Dora Toole Roundtree ("Plaintiff"), is a self-represented litigant and files this civil action *in forma pauperis* under 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC.

**BACKGROUND**

This is a case filed by a proponent of an estate that appears to be currently pending in state probate court in Aiken County against three persons who also claim heirship in the estate. According to the Complaint (Docket Entry 1), supplemented by Plaintiff's Answers to the Court's Special Interrogatories (Docket Entry 10), Plaintiff's claim that she is a child of the decedent and her request to be appointed personal representative in the probate action was denied, and two of the defendants—Webb and Glover—were instead appointed personal representatives. All three of the defendants were ruled to be children of the decedent. Plaintiff's appeal of that probate court ruling was rejected by the Court of Common Pleas in a September 8, 2009 ruling that was formally filed in that court on November 2, 2009. Roundtree v. Aiken County Probate Ct., Case No. 2009-CP-02-1298. It is not clear from Plaintiff's Complaint or interrogatory responses whether she appealed



PJG

the circuit court's ruling to any South Carolina appellate court. This case was filed only a month later on December 4, 2009. (Docket Entry 1).

Although Plaintiff's contentions are somewhat obscure, she is apparently unhappy with the way the probate case is progressing and wants this court to step in and "'appoint' [her] over [her] father's estate . . . ." She claims to be homeless and not allowed to live in her father's house, apparently due to the probate claims of the defendants. She attaches certain "evidence" to her Answers to Special Interrogatories including a photocopied birth certificate as well as written statements about matters that she claims to have submitted to the state courts and problems she has experienced with the state court rulings. Plaintiff, a North Carolina resident, does not seek damages against the three defendants or claim any kind of wrongdoing by them other than their assertions of heirship in the disputed estate matter. Her only request is that this court come to a different conclusion about her claims to be a child of the decedent and appoint her personal representative over the estate, contrary to the rulings of the probate and circuit courts.

## ***PRO SE* AND *IN FORMA PAUPERIS* REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).



PJG

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can



PJG

reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and by statute, Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992); Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree, American Fire & Casualty Co. v. Finn, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-83 (1936). The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in the Complaint filed by Plaintiff in this case do not fall within the scope of either form of this court's limited jurisdiction, and there are no other potential bases for federal jurisdiction apparent from the Complaint.

First, even though Plaintiff resides in North Carolina and all three defendants reside in South Carolina, there is no basis for a finding of diversity jurisdiction over this Complaint.



PJG

The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties **and** an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332. There is no indication anywhere on the face of the Complaint or in the Answers to Special Interrogatories or attachments thereto that the amount in controversy exceeds $75,000.

Moreover, even if it could be determined that both requirements of 28 U.S.C. § 1332 were met, this court should not exercise its diversity jurisdiction to consider the claims raised in the Complaint due to the federal "probate exception" to diversity jurisdiction. This established exception requires federal courts to decline to exercise jurisdiction to consider any state-law-based claim that would require the court to interfere with certain important rulings that must be made in state probate court actions. See, e.g., Markham v. Allen, 326 U.S. 490, 494 (1946); Foster v. Carlin, 200 F.2d 943, 950 (4th Cir. 1953) (recognizing probate exception and declining to rule that decedent was intestate since that determination was within the state court's exclusive authority). One of the most important of these protected state court rulings is the appointment of a personal representative of an estate. Peter Nicolas, Fighting the Probate Mafia: A Dissection of the Probate Exception to Federal Court Jurisdiction, 74 S. Cal. L. Rev. 1479, 1519 (2001) (containing an exhaustive historical review and opining that appointing and removing personal representatives are historical functions of probate courts and fall squarely within the



PJG

probate exception). Accordingly, even if the Complaint met the requirements of 28 U.S.C. § 1332, this court cannot address Plaintiff's claims, since doing so would clearly interfere with the progress of the state probate case.

Moreover, even if this court had jurisdiction over this matter, it should abstain from exercising it. Probate is such a distinctly state-related type of process that federal courts typically do not get involved in such disputes. See In re Thomas & Agnes Carvel Found., 36 F. Supp. 2d 144, 153 (S.D.N.Y. 1999) (citing Wilton v. Seven Falls Co., 515 U.S. 277 (1995)) (abstaining in a diversity-based declaratory judgment action in favor of the state probate court in a case involving probate issues).

Additionally, Plaintiff's disagreement with the state courts' rulings must be addressed by the South Carolina appellate courts, not with a federal trial court. Federal district courts do not hear "appeals" from state court actions. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983) (a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257); see Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).[1]

Nor does 28 U.S.C. § 1331 afford any basis for this court to exercise jurisdiction. The allegations contained in the Complaint show that the case is not one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's allegations do not contain any reference to alleged violation of any federal statute or

[1]Appeals of orders issued by lower state courts must go to a higher state court. Further, it is well settled that only the Supreme Court of the United States may review a decision of a state's highest court. See 28 U.S.C. § 1257; Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).





constitutional provision by any defendant; nor is any type of federal question jurisdiction otherwise evident from the face of the Complaint. Purely private conduct such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983 or under the Fourteenth Amendment, the two most common provisions under which persons come into federal court to claim that others have violated their constitutional rights. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982); Burton v. Wilmington Parking Auth., 365 U.S. 715, 721 (1961). Plaintiff does not cite to either 42 U.S.C. § 1983 or the Fourteenth Amendment in her Complaint, nor, as stated above, does she claim that either the defendants or the state of South Carolina violated her constitutional rights. In the absence of any claim raised by the Complaint that could properly considered by this court under either diversity or federal question jurisdiction, this case should be summarily dismissed without issuance of process for any defendant.

## RECOMMENDATION

The face of the Complaint reveals that this court lacks subject matter jurisdiction. Accordingly, the court recommends that the Complaint in this case be dismissed without prejudice and without issuance and service of process. See United Mine Workers v. Gibbs, 383 U.S. 715 (1966); see also Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972).

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 15, 2010
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

## Notice of Right to File Objections to Report and Recommendation

The Plaintiff is advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).